No. 22-50337

---

IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION; TEXAS PRESS ASSOCIATION; JOSEPH PAPPALARDO,

**Plaintiffs - Appellees/Cross-Appellants**

v.

STEVEN MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY; DWIGHT MATHIS, IN HIS OFFICIAL CAPACITY AS CHIEF OF THE TEXAS HIGHWAY PATROL; WES MAU, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF HAYS COUNTY, TEXAS,

**Defendants - Appellants/Cross-Appellees**

---

**On Appeal from the United States District Court for the Western District of Texas, Austin Division, No. 1:19-cv-0946-RP**

---

CORRECTED PRINCIPAL BRIEF OF APPELLANT/CROSS-APPELLEE WES MAU, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF HAYS COUNTY, TEXAS

---

**McGinnis Lochridge LLP**
Michael A. Shaunessy, TBN 18134550
Eric A. Johnston, TBN 24070009
Ian M. Davis, TBN 24120793
1111 West 6th Street, Building B, Suite 400
Austin, Texas 78703
Telephone (512) 495-6000
Facsimile (512) 495-6093

ATTORNEYS FOR DEFENDANT – APPELLANT/CROSS-APPELLEE WES MAU, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF HAYS COUNTY, TEXAS

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Local Rule 28.2.1, the undersigned counsel for Defendant – Appellant/Cross-Appellee Wes Mau, in his official capacity as District Attorney of Hays County, Texas, certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made so that this Court may evaluate possible disqualification or recusal.

1.  Wes Mau, in his official capacity as District Attorney of Hays County, Texas, Defendant – Appellant/Cross-Appellee;

2.  Steven McCraw, in his official capacity as Director of the Texas Department of Public Safety, Defendant – Appellant/Cross-Appellee;

3.  Dwight Mathis, in his official capacity as Chief of the Texas Highway Patrol, Defendant – Appellant/Cross-Appellee;

4.  National Press Photographers Association, Plaintiff – Appellee/Cross-Appellant;

5.  Texas Press Association, Plaintiff – Appellee/Cross-Appellant

6.  Joseph Pappalardo, Plaintiff – Appellee/Cross-Appellant

7.  McGinnis Lochridge LLP, counsel for Defendant – Appellant/Cross-Appellee Wes Mau, in his official capacity as District Attorney of Hays County, Texas (Michael A. Shaunessy, Eric A. Johnston, and Ian M. Davis);

8.  Office of the Texas Attorney General, counsel for Defendants – Appellants/Cross-Appellees Steve McCraw, in his official capacity as Director of the Texas Department of Public Safety, and Dwight Mathis, in his official capacity as Chief of the Texas Highway Patrol (Heather L. Dyer, Eric J. Hamilton, Christopher D. Hilton, Cody Rutowski, Lanora Pettit);

9.    Mickey H. Osterreicher, general counsel for Plaintiff – Appellee/Cross-Appellant National Press Photographers Association;

10.    Graves Dougherty Hearon & Moody, PC, counsel for Plaintiffs – Appellees/Cross-Appellants National Press Photographers Association, Texas Press Association, and Joseph Pappalardo (James Hemphill);

11.    Media Freedom & Information Access Clinic, counsel for Plaintiffs – Appellees/Cross-Appellants National Press Photographers Association, Texas Press Association, and Joseph Pappalardo (David A. Shulz);

12.    Public Justice, P.C., counsel for Plaintiffs – Appellees/Cross-Appellants National Press Photographers Association, Texas Press Association, and Joseph Pappalardo (Leah M. Nicholls);

*/s/ Michael A. Shaunessy*
Michael A. Shaunessy

## STATEMENT REGARDING ORAL ARGUMENT

Defendant – Appellant/Cross-Appellee Wes Mau, in his official capacity as District Attorney of Hays County, Texas ("District Attorney Mau"), requests oral argument. This appeal involves complex issues regarding sovereign immunity, Article III standing, and the application of the First Amendment in a novel context. District Attorney Mau believes that oral argument would assist the Court in analyzing and resolving the legal issues in this case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................... iv

TABLE OF CONTENTS ................................................................... v

TABLE OF AUTHORITIES ............................................................ vii

STATEMENT OF JURISDICTION .................................................... 1

ISSUES PRESENTED ..................................................................... 2

STATEMENT OF THE CASE ............................................................ 3

COURSE OF PROCEEDINGS AND DISPOSITION IN THE COURT BELOW ........................................................................................... 5

STATEMENT OF FACTS ................................................................ 7

    A.    Chapter 423 of the Texas Government Code ............................ 7

    B.    Plaintiffs Have Neither Been Arrested nor Prosecuted for a Violation of Chapter 423 in Hays County, Texas .................... 7

    C.    Plaintiffs Have Limited Evidence that They Conducted Drone-Based Journalistic Activities in Hays County, Texas ..................................................................................... 8

SUMMARY OF THE ARGUMENT ..................................................... 9

ARGUMENT AND AUTHORITIES .................................................... 11

    I.    Standards of Review ................................................................ 11

    II.    The District Court Incorrectly Concluded that Plaintiffs Have Established Article III Standing with Respect to Their Claims against District Attorney Mau .............................................. 12

        A.    Plaintiffs Cannot Show a Particularized Injury with Respect to District Attorney Mau ............................... 14

        B.    Even If Plaintiffs Suffered a Particularized Injury, Plaintiffs Cannot Show Traceability with Respect to District Attorney Mau ............................................... 16

        C.    Plaintiffs Cannot Show that Injuries Caused by District Attorney Mau Are Redressable by a Favorable Decision ........ 20

        D.    Standing Is Not Dispensed In Gross .......................... 22

III.    Eleventh Amendment Sovereign Immunity Bars Plaintiffs' Claims against District Attorney Mau...................................................23

IV.    District Attorney Mau Joins in the Arguments Made by the State Defendants and Incorporates the State Defendants' Briefs Herein by Reference.............................................................................................30

CONCLUSION.........................................................................................................31

CERTIFICATE OF SERVICE ...............................................................................33

CERTIFICATE OF COMPLIANCE WITH RULE 28.1......................................35

# TABLE OF AUTHORITIES

**Federal Cases**

*Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507 (5th Cir. 2017) ................................................................. 27, 28, 29, 30

*Allen v. Wright*, 468 U. S. 737 (1984) ................................. 16, 17, 20, 22

*Arbaugh v. Y& H Corp.*, 546 U.S. 500 (2006) ..................................... 13

*AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636 (5th Cir. 2001) ........................................................................................... 24

*Boudreaux v. La. State Bar Ass'n*, 433 F. Supp. 3d 942 (E.D. La. Jan. 13, 2020) ........................................................................................... 26

*City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019) ................................. *passim*

*Collins v. Yellen*, 141 S.Ct. 1761 (2021) ................................... 16, 17, 20

*Ctr. for Biological Diversity v. U.S. EPA*, 937 F.3d 533 (5th Cir. 2019) ............. 12

*Ctr. for Inquiry, Inc. v. Warren*, 845 Fed. Appx. 325 (5th Cir. 2021) ................... 21

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, n. 5 (2006) ................................. 23

*Ex parte Young*, 209 U.S. 123 (1908) ....................................... 24, 25

*FEC v. Ted Cruz for Senate*, 142 S. Ct. 1638 (2022) ........................................... 12

*Friends of Earth, Inc. v. Laidlaw Environmental Services* (TOC), Inc., 528 U.S. 167 (2000) ....................................................... 10, 22-23, 23

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997) ............................... 25

*In re Abbott*, 956 F.3d 696 (5th Cir. 2020) ........................................... 25

*K.P. v. LeBlanc*, 627 F.3d 115 (5th Cir. 2010) ........................................ 26, 27, 28

*Lewis v. Casey*, 518 U.S. 343 (1996) ....................................... 10, 11, 23

*Los Angeles v. Lyons*, 461 U.S. 95 (1983) ........................................... 23

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................. *passim*

*McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407 (5th Cir. 2004) ...................... 24

*McKinley v. Abbott*, 643 F.3d 403 (5th Cir. 2011) ................................................. 11

*McMahon v. Fenves*, 946 F.3d 266 (5th Cir. 2020) ....................................... 14, 15

*Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014) ....................................... 27, 28

*Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) ................................. 21-22, 26, 27

*Quern v. Jordan*, 440 U.S. 332 (1979) ................................... 24

*Raines v. Byrd*, 521 U.S. 811 (1997) ..................................... 12

*Raj v. La. State Univ.*, 714 F.3d 322 (5th Cir. 2013) ........................... 24

*Sierra Club v. Morton*, 405 U.S. 727 (1972) ............................... 14

*Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976) ........ 16, 21

*Tex. Alliance for Retired Americans v. Scott*, 28 F.4th 669 (5th Cir. 2022) .... 28, 29

*Tex. Democratic Party v. Abbott*, 978 F.3d 168 (5th Cir. 2020) ... 25, 27-28, 28, 29

*Texas v. EEOC*, 933 F.3d 433 (5ᵗʰ Cir. 2019) ............................ 11

*United States v. Ferguson*, 211 F.3d 878 (5th Cir. 2000) ..................... 27

*United States v. Richardson*, 418 U.S. 166 (1974) .......................... 12

*Utah v. Evans*, 536 U.S. 452 (2002) ..................................... 21

*Va. Office of Prot. & Advocacy v. Stewart*, 563 U.S. 247 (2011) .................. 23-24

*Valley Forge Christian Coll. v. Ams United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982) ........................................ 14

*Verizon Md. Inc. v. PSC*, 535 U.S. 635 (2002) ........................... 24, 25

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765 (2000) ........................................................ 21

*Warth v. Seldin*, 422 U. S. 490 (1975) ............................... 13, 16

**Federal Statutes**

28 U.S.C. § 1291 ........................................................ 1

28 U.S.C. § 1331 ........................................................ 1

28 U.S.C. § 1343 ........................................................ 1

42 U.S.C. § 1983 ........................................................ 5

42 U.S.C. § 1988 ........................................................ 6

**State Statutes**

Tex. Code Crim. Proc. art. 2.12 ...................................... 15, 29

Tex. Code Crim. Proc. art. 2.13 ........................................ 15

Tex. Code Crim. Proc. art. 14.01 ....................................... 15

Tex. Gov't Code § 411.006 ............................................. 15

Tex. Gov't Code § 423.001 .............................................. 9

Tex. Gov't Code § 423.002 ................................................................. 7

Tex. Gov't Code § 423.003 ................................................................. 7

Tex. Gov't Code § 423.004 ................................................................. 7

Tex. Gov't Code § 423.006 ................................................................. 7

Tex. Gov't Code § 423.0045 ............................................................... 7

Tex. Gov't Code § 423.0046 ............................................................... 7

**Rules**

Rule 28.2.1 ....................................................................................... ii

**Other**

U.S. Const. amend. I ..................................................................... 5, 6

U.S. Const. amend. XIV .............................................................. 5, 6

U.S. Const. art. III, § 2 .................................................................. 12

## STATEMENT OF JURISDICTION

This is an appeal from a final judgment in which the District Court: (i) held that Plaintiffs have established Article III standing on their claims against District Attorney Mau, (ii) held that the *Ex parte Young* exception to Eleventh Amendment sovereign immunity authorizes Plaintiffs' claims against District Attorney Mau ; (iii) declared certain provisions of Chapter 423 of the Texas Government Code unconstitutional; and (iv) enjoined District Attorney Mau from enforcing certain provisions of Chapter 423 of the Texas Government Code. ROA.1219-1250; ROA.1264. The District Court had federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

District Attorney Mau timely appealed. ROA.1400-1401.

## ISSUES PRESENTED

(1)    Have Plaintiffs satisfied their burden to establish Article III standing on their claims against Wes Mau, in his official capacity as District Attorney of Hays County, Texas?

(2)    Does Eleventh Amendment sovereign immunity bar Plaintiffs' claims against Wes Mau, in his official capacity as District Attorney of Hays County, Texas, when the record contains no evidence that District Attorney Mau took an action involving compulsion or constraint with respect to the challenged provisions of Chapter 423?

## STATEMENT OF THE CASE

This appeal involves the District Court's jurisdictional authority to decide Plaintiffs' First Amendment claims against Wes Mau, in his official capacity as District Attorney of Hays County, Texas ("District Attorney Mau"). In its summary judgment order, the District Court: (i) wrongly concluded that Plaintiffs satisfied their burden to show Article III standing on their claims against District Attorney Mau; and (ii) erred in finding that Eleventh Amendment sovereign immunity does not bar Plaintiffs' claims against District Attorney Mau because the *Ex parte Young* exception applies.

Each of these legal findings was made in error. As explained below, District Attorney Mau's connection to Plaintiffs' claims is trivial at best.

In its summary judgment order, the District Court succinctly characterized the nature of Plaintiffs' lawsuit: "Plaintiffs challenge the constitutionality of two sets of provisions of Chapter 423 of the Texas Government Code, passed in 2013 and amended in 2015." ROA.1220. Plaintiffs specifically challenged these provisions as violative of the First Amendment. ROA.1220-1221. Plaintiffs sued two State officials—the Director of the Texas Department of Public Safety and the Chief of the Texas Highway Patrol (collectively, the "State Defendants")—seeking a declaration that the challenged provisions of Chapter 423 are unconstitutional, as well as an injunction against the State Defendants as to its enforcement. In addition,

Plaintiffs sued Wes Mau, in his official capacity as the District Attorney of Hays County, Texas, seeking to enjoin him from enforcing Chapter 423.

Plaintiffs' claims against District Attorney Mau are both curious and improper. As Plaintiffs readily admit, they have never been prosecuted by District Attorney Mau under Chapter 423 (or by anyone, for that matter). In fact, Plaintiffs concede that they have never interacted with District Attorney Mau, or anyone else in his office. In the proceedings below, Plaintiffs neither alleged, nor offered evidence, that they have self-censored their drone-based journalistic activities in Hays County, Texas. To the contrary, Plaintiffs acknowledge that Guillermo "Billy" Calzada, a photojournalist and member of Plaintiff National Press Photographers Association, took photographs from a drone in San Marcos, Hays County, Texas. Calzada was neither arrested nor prosecuted for his drone-related activity (under Chapter 423 or otherwise), and the photographs he took from his drone were published on the front page of the *San Antonio Express-News*. ROA.930.

As explained below, Plaintiffs have failed to establish subject matter jurisdiction over their claims against District Attorney Mau. The District Court mistakenly concluded that Plaintiffs have established Article III standing on their claims against District Attorney Mau. It further erred in holding that District Attorney Mau's Eleventh Amendment sovereign immunity has been abrogated under *Ex parte Young*. Because the District Court erred in its assessment on these

foundational inquiries, reversal is warranted. District Attorney Mau respectfully requests that the Court remand with instructions to dismiss Plaintiffs claims against him with prejudice.

## COURSE OF PROCEEDINGS AND
## DISPOSITION IN THE COURT BELOW

The Plaintiffs – Appellees/Cross-Appellants National Press Photographers Association ("NPPA")[1], Texas Press Association ("TPA")[2], and Joseph Pappalardo ("Pappalardo") (collectively referred to as "Plaintiffs") filed this suit on September 26, 2019, against Steve McCraw, in his official capacity as Director of the Texas Department of Public Safety ("McCraw"), Dwight Mathis, in his official capacity as Chief of the Texas Highway Patrol ("Mathis"), (McCraw and Mathis are collectively referred to as the "State Defendants"), and Wes Mau, in his official capacity as District Attorney of Hays County, Texas ("District Attorney Mau"). ROA.17-47.

Pursuant to 42 U.S.C. § 1983, Plaintiffs seek a declaration that the challenged provisions of Chapter 423 of the Texas Government Code ("Chapter 423") violate the First and Fourteenth Amendments to the United States Constitution. ROA.46. Plaintiffs also seek permanent injunctions against the State Defendants and District

---

[1] "NPPA is a national organization that represents the interests of visual journalists, including within Texas." ROA.1222. NPPA has approximately 300 members in Texas. ROA.1222.
[2] "TPA is one of the oldest and largest newspaper trade organizations in the country with more than 400 member newspapers across the state of Texas." ROA.1222.

Attorney Mau from enforcing the challenged provisions of Chapter 423. ROA.46. Pursuant to 42 U.S.C. § 1988, the Plaintiffs seek their reasonable and necessary attorneys' fees in bringing this lawsuit. ROA.46.

On November 5, 2019, the State Defendants and District Attorney Mau filed a motion to dismiss. ROA.109-142. The District Court granted in part and denied in part Defendants' Motion to Dismiss. ROA.396-424. First, the District Court held that Plaintiffs had plausibly alleged Article III standing. ROA.403-410. Second, the District Court rejected Defendants' argument that *Ex parte Young* does not apply to District Attorney Mau. ROA.410-412. Third, the District Court held that Plaintiffs had plausibly alleged the unconstitutionality of the challenged provisions of Chapter 423. ROA.412-419. Finally, the District Court dismissed with prejudice Plaintiffs' claim that Chapter 423 was preempted under the Supremacy Clause. ROA.420-424.

Subsequently, Plaintiffs filed a motion for summary judgment on their constitutional claims. ROA.520-567. The Defendants filed a cross motion for summary judgment and requested that the District Court deny Plaintiffs' claims. ROA.707-735.

On March 28, 2022, the District Court entered an order: (i) denying Defendants' motion for summary judgment; (ii) granting Plaintiffs' motion for summary judgment; (iii) declaring that the challenged provisions of Chapter 423 violate the First and Fourteenth Amendments to the U.S. Constitution; and (iv)

enjoining all three Defendants from enforcing the challenged provisions of Chapter 423. ROA.1219-1250. The District Court entered its final judgment on April 13, 2022. ROA.1264. District Attorney Mau timely appealed. ROA.1400-1401.

## STATEMENT OF FACTS

### A.     Chapter 423 of the Texas Government Code

Plaintiffs' challenge the constitutionality of two sets of provisions contained within Chapter 423 of the Texas Government Code: Sections 423.002, 423.003, 423.004, and 423.006 (collectively, "Surveillance Provisions") and 423.0045, and 423.0046 (collectively, "No-Fly Provisions"). ROA.17. The Surveillance and No-Fly Provisions were enacted by the Texas Legislature in 2013,[3] before District Attorney Mau was elected as District Attorney of Hays County, Texas. ROA.1220. As the District Attorney of Hays County, Texas, Mau played no role in the enactment of Chapter 423.

### B.     Plaintiffs Have Neither Been Arrested nor Prosecuted for a Violation of Chapter 423 in Hays County, Texas

Plaintiffs admit that they have neither been arrested nor prosecuted for a violation of Chapter 423 in Hays County, Texas (or anywhere in the State of Texas). ROA.1007; ROA.1026; ROA.1043. Plaintiffs further admit that they have never even interacted with District Attorney Mau, nor anyone else in the Hays County

---

[3] The Texas Legislature amended Chapter 423 in 2015. ROA.1220.

District Attorneys' Office. ROA.1009; ROA.1016; ROA.1026-1027; ROA.1031; ROA.1048; ROA.1065.

### C.     Plaintiffs Have Limited Evidence that They Conducted Drone-Based Journalistic Activities in Hays County, Texas

Other than NPPA member Guillermo "Billy" Calzada, the record contains no evidence that any of the Plaintiffs conducted, or sought to conduct, drone-based journalistic activities in Hays County, Texas. ROA.650-652.

NPPA member Guillermo "Billy" Calzada ("Calzada") filed an affidavit in support of Plaintiffs' Motion for Summary Judgment. ROA.649-656.  In it, Calzada recounts an instance in which he used a drone to take photographs of an arson crime scene in San Marcos, Hays County, Texas. ROA.650-651. Specifically, he testified that after taking photographs with his drone, a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agent informed Calzada that he was interfering with ATF's investigation. ROA.651. The ATF agent called the San Marcos Police Department, who arrived on the scene to talk with Calzada. ROA.651.

Calzada testified that one of the San Marcos Police officers: "said that I violated state law by taking pictures. She told me that if I published the photographs, I would be violating state law again. She then told me that she wasn't going to cite me at this time." ROA.651. Calzada went on to testify that his photographs taken on that day were in fact published in the *San Antonio Express-News* (on the front page, no less). ROA.651-652; ROA.658. Moreover, Calzada was neither arrested nor

prosecuted for a violation of Chapter 423 as a result of his drone-based journalistic activities on that day (or ever). ROA.650-652. Calzada did not speak or interact with anyone from the Hays County District Attorneys' Office, as a result of his drone-based journalistic activities in San Marcos,[4] and in fact admits that he has never interacted with the Hays County District Attorney's Office in any capacity. ROA.650-652; ROA.1009; ROA.1016.

## SUMMARY OF THE ARGUMENT

The primary issue before the Court is whether Plaintiffs have standing to bring their First Amendment claims against the District Attorney of Hays County, Texas. The challenged law at issue in this case—Chapter 423 of the Texas Government Code—was enacted by the Texas Legislature. *See* TEX. GOV'T CODE § 423.001, *et seq.* District Attorney Mau has never prosecuted any of the Plaintiffs for a violation of the challenged law. ROA.1007; ROA.1026; ROA.1043. In fact, Plaintiffs admit that they have never interacted with anyone from the Hays County District Attorney's Office. ROA.1009; ROA.1016; ROA.1026-1027; ROA.1031; ROA.1048; ROA.1065.

---

[4] As a municipal office, the San Marcos Police Department is neither controlled by, nor subject to the authority of, the Hays County District Attorneys' Office. As discussed in greater detail below, Plaintiffs' conflation of District Attorney Mau and the San Marcos Police Department cannot establish Article III standing.

Hays County's trivial connection to Plaintiffs' lawsuit divests the federal judiciary of subject matter jurisdiction over the claims against District Attorney Mau. The District Court mistakenly concluded that Plaintiffs had established Article III standing with respect to District Attorney Mau. Namely, the District Court did not conduct its standing inquiry on a claim-by-claim basis; instead, it improperly lumped the three Defendants together and conducted a global standing analysis rather than an individual standing analysis as required. *See Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) ("standing is not dispensed in gross"); *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 185 (2000) ("a plaintiff must demonstrate standing separately for each form of relief sought"). As explained below, the District Court's standing analysis with respect to District Attorney Mau was flawed. Plaintiffs' evidence cannot and does not carry their burden to establish standing on their First Amendment claims against District Attorney Mau.

The second issue before the Court also turns on District Attorney Mau's negligible connection to Plaintiffs and the challenged law. The District Court incorrectly found that Eleventh Amendment sovereign immunity does not apply to District Attorney Mau because the *Ex parte Young* exception applies. In so finding, the District Court ignored Fifth Circuit and Supreme Court case law pertaining to the *Ex parte Young* inquiry. As explained below, Plaintiffs have not shown that District Attorney Mau ever took an action involving compulsion or constraint with

respect to the challenged provisions of Chapter 423. Thus, contrary to the District Court's holding, the *Ex parte Young* exception is inapplicable.

Because the District Court incorrectly concluded that Plaintiffs established subject matter jurisdiction over their claims against District Attorney Mau, the Court should reverse the District Court's judgment, and remand with instructions to dismiss Plaintiffs' claims against District Attorney Mau with prejudice.

## ARGUMENT AND AUTHORITIES

### I.     Standards of Review

The Court must decide whether Plaintiffs have standing to sue District Attorney Mau to challenge Chapter 423. As the parties invoking federal jurisdiction, Plaintiffs must establish Article III standing. *See Texas v. EEOC,* 933 F.3d 433, 446 (5th Cir. 2019). "Each element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Id.* (citing *Lewis v. Casey,* 518 U.S. 343, 358 (1996)) (cleaned up). "In response to a summary judgment motion," therefore, the plaintiff "must set forth by affidavit or other evidence specific facts, which for purposes of the . . . motion will be taken as true." *Lewis,* 518 U.S. at 358. The Fifth Circuit reviews questions of standing *de novo*. *See Texas,* 933 F.3d at 446 (citing *McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir. 2011)).

Similarly, the Fifth Circuit reviews a district court's jurisdictional determination of sovereign immunity *de novo*. *See City of Austin v. Paxton,* 943 F.3d 993, 997 (5th Cir. 2019).

## II. The District Court Incorrectly Concluded that Plaintiffs Have Established Article III Standing with Respect to Their Claims against District Attorney Mau

The Constitution limits federal courts to deciding "Cases" and "Controversies." U.S. Const. art. III, § 2. "Among other things, that limitation requires a plaintiff to have standing." *FEC v. Ted Cruz for Senate*, 142 S. Ct. 1638, 1646 (2022). The standing doctrine "is not just an empty formality" that courts can ignore when a case seems important. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 581 (1992) (Kennedy, J., concurring in part and concurring in the judgment). Rather, standing is a "bedrock requirement." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "The elements of standing go to the very core of judicial power." *Ctr. for Biological Diversity v. U.S. EPA*, 937 F.3d 533, 545 (5th Cir. 2019); *see also United States v. Richardson*, 418 U.S. 166, 188 (1974) (Powell, J., concurring) ("Relaxation of standing requirements is directly related to the expansion of judicial power.").

The requisite elements of Article III standing are well established: A plaintiff must show (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by the requested relief. *See Lujan*, 504 U.S. at 560–61. If any one of these three elements—injury, traceability, and

redressability—is absent, Plaintiffs have no standing to assert their claims against District Attorney Mau in federal court. "[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Warth v. Seldin*, 422 U. S. 490, 500 (1975).

"The party invoking federal jurisdiction bears the burden of establishing" standing—and, at the summary judgment stage, such a party "can no longer rest on . . . 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts.'" *Lujan*, 504 U.S. at 561 (internal citations omitted). Courts have a continuing obligation to determine whether subject matter jurisdiction exits, even in the absence of a challenge from any party. *See Arbaugh v. Y& H Corp*., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment").

As explained below, the District Court incorrectly held on summary judgment that Plaintiffs established Article III standing on their claims against District Attorney Mau. Because the federal judiciary lacks subject matter jurisdiction over Plaintiffs' claims against District Attorney Mau, this Court should reverse and remand with instructions to dismiss Plaintiffs' claims against District Attorney Mau.

## A.    Plaintiffs Cannot Show a Particularized Injury with Respect to District Attorney Mau

To confer Article III standing, a plaintiff must first establish a particularized injury. *See McMahon v. Fenves,* 946 F.3d 266, 271 (5th Cir. 2020). "An injury is particularized if it 'affect[s] the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U. S. at 560 n.1). In other words, a plaintiff must demonstrate that the injuries alleged are "more than a generalized grievance." *See Valley Forge Christian Coll. v. Ams United for Separation of Church & State, Inc*., 454 U.S. 464, 474 (1982). Plaintiffs must allege "more than an injury to *someone's* concrete, cognizable interest; they must 'be [themselves] among the injured.'" *McMahon,* 946 F.3d at 271 (emphasis in original) (citing *Sierra Club v. Morton,* 405 U.S. 727, 734–35 (1972)),

Here, the District Court incorrectly found that Plaintiffs established a particularized injury with respect to District Attorney Mau. ROA.1228. Plaintiffs' claims against District Attorney Mau are no more than generalized grievances about a statute enacted by the Texas Legislature. The record contains no evidence that any of the Plaintiffs (nor their members) have self-censored their drone-related speech in Hays County, Texas. To the contrary, NPPA member Guillermo "Billy" Calzada testified (i) that he took photographs from a drone in San Marcos, Hays County, Texas, (ii) that such photographs were published in the *San Antonio Express-News*,

and (iii) that he was neither arrested nor prosecuted for his drone-related activities. ROA.650-652.

In its summary judgment order, the District Court improperly conflated the three Defendants. ROA.1227-1230. The District Court's failure to distinguish among the three Defendants is particularly consequential, given that the other two Defendants are State officials with jurisdiction to enforce Chapter 423 across Texas. *See* TEX. CODE CRIM. PROC. arts. 2.13, 14.01, 2.12(4); TEX. GOV'T CODE §§ 411.006(a)(1), (a)(5); ROA.1232. District Attorney Mau, by contrast, has prosecutorial authority limited within the territorial jurisdiction of Hays County, Texas. ROA.718; ROA.1232. Moreover, District Attorney Mau has no control over law enforcement agencies, even in Hays County, who have the authority to arrest for violation of the statutes at issue.

Critically, Plaintiffs lack any evidence of a particularized harm suffered at the hands of District Attorney Mau. Plaintiffs' grievance is with legislation enacted by the Texas Legislature. They lack a "direct and personal stake" in their claims against District Attorney Mau. *McMahon v. Fenves,* 946 F.3d 266, 272 (5th Cir. 2020). Therefore, the District Court erred in concluding that Plaintiffs satisfied the harm element of Article III standing with respect to District Attorney Mau. Absent particularized harm, both the District Court and this Court lack subject matter jurisdiction over Plaintiffs' claims against District Attorney Mau.

**B.     Even If Plaintiffs Suffered a Particularized Injury, Plaintiffs Cannot Show Traceability with Respect to District Attorney Mau**

Even if this Court concludes that Plaintiffs have established an Article III injury, the essential traceability element is lacking. The District Court erred in concluding otherwise.

"[F]or purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, ***not to the provision of law that is challenged***." *Collins v. Yellen*, 141 S.Ct. 1761, 1779 (2021) (emphasis added) (quoting *Allen v. Wright*, 468 U. S. 737, 751 (1984)); *see also Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560 (1992) (explaining that the plaintiff must show "a causal connection between the injury and the conduct complained of," and that "the injury has to be fairly traceable to the challenged action of the defendant").

When the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily "substantially more difficult" to establish. *Allen*, 468 U.S. at 758; *see also Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 44-45 (1976); *Warth v. Seldin*, 422 U.S. 490, 505 (1975).

The District Court addressed traceability in a single paragraph. It held: "[A]ll three defendants have the power and the duty under state law to enforce Chapter 423, leading Plaintiffs to fear enforcement and refrain from constitutionally protected

activities." ROA.1228. The District Court's conclusion on this point is an error because Plaintiffs cannot show that their injury—chilled speech—is traceable to District Attorney Mau's conduct.

The District Court took an erroneously broad view of traceability that runs directly counter to binding Supreme Court precedence. In *Collins*, the Supreme Court described a far narrower test of causation that looks to the particular conduct of the defendant: "[F]or purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, ***not to the provision of law that is challenged***." *Collins v. Yellen*, 141 S.Ct. 1761, 1779 (2021) (emphasis added) (quoting *Allen v. Wright*, 468 U. S. 737, 751 (1984)).

Plaintiffs have not satisfied the foundational burden to trace their injury to District Attorney Mau. The record contains no evidence that District Attorney Mau ever threatened prosecution against any of the Plaintiffs (or their members). ROA.1007; ROA.1026; ROA.1043. Nor does the record contain evidence that anyone in the Hays County District Attorney's Office ever threatened prosecution against any of the Plaintiffs (or their members). ROA.1007; ROA.1026; ROA.1043. There is no evidence in the record that anyone from District Attorney Mau's office ever interacted with Plaintiffs or their members. ROA.1009; ROA.1016; ROA.1026-1027; ROA.1031; ROA.1048; ROA.1065. Indeed, other than NPPA member Guillermo "Billy" Calzada, the record contains no evidence that any of the Plaintiffs

conducted, or sought to conduct, drone-based journalistic activities in Hays County, Texas. ROA.650-652.

NPPA member Guillermo "Billy" Calzada filed an affidavit in support of Plaintiffs' Motion for Summary Judgment. ROA.650-62. In it, Calzada recounts an instance in which he used a drone to take photographs of an arson crime scene in San Marcos, Hays County, Texas. ROA.650-651. Specifically, he testified that after taking photographs with his drone, an ATF agent informed Calzada that he was interfering with ATF's investigation. ROA.651. The ATF agent called the San Marcos Police Department, who arrived on the scene to talk with Calzada. ROA.651. Calzada testified that one of the San Marcos Police officers: "said that I violated state law by taking pictures. She told me that if I published the photographs, I would be violating state law again. She then told me that she wasn't going to cite me at this time." ROA.651. Calzada went on to testify that his photographs taken on that day were in fact published in the *San Antonio Express-News* (on the front page, no less). ROA.651-652.

For several reasons, Calzada's testimony cannot satisfy Plaintiffs' burden to establish traceability with respect to District Attorney Mau. First, Calzada himself admits that: (i) his speech was neither chilled nor restricted on that day, (ii) he was neither arrested nor prosecuted for his drone-related activities in San Marcos, Hays County, Texas, and (iii) his photograph was published on the front page of a

newspaper. ROA.650-652; ROA.658. Critically, Calzada *did not* testify that he has self-censored his drone-related journalistic activities *in Hays County* following this incident with ATF and the San Marcos Police Department.[5]

More importantly, Calzada's interactions with law enforcement in San Marcos lack any nexus with District Attorney Mau, or the Hays County District Attorney's Office. Calzada testified that he dealt with ATF agents and San Marcos Police officers. ROA.651. District Attorney Mau has no authority over either of these two law enforcement agencies. As the District Attorney of Hays County, Mau is tasked with prosecuting cases in Hays County. ROA.718; ROA.1232. Indeed, Calzada was neither arrested nor prosecuted for a violation of Chapter 423, and the record contains no evidence that District Attorney Mau was ever aware of the events recounted by Calzada in San Marcos.

---

[5] When discussing the Calzada Declaration in its summary judgment Order, the District Court found: "Plaintiffs allege that in that instance [*i.e.* in San Marcos] and going forward, Chapter 423 chilled Calzada's speech by causing him to fear prosecution under Chapter 423 for using UAVs for newsgathering." ROA.1223 (citing ROA.655). The District Court's finding is erroneous. The line in Calzada's declaration reads as follows: "Ch. 423 has chilled me by causing me to be at risk of civil and criminal liability when I photograph important scenes related to news stories using my UAS, which I am authorized to operate in the National Airspace." ROA.655. For two reasons, the District Court's finding is not supported by this statement. First, Calzada did not testify that his speech was chilled "in that instance," as the District Court found. To the contrary, Calzada testified that he took all the photographs he intended in San Marcos on that day, and that his photograph was published on the front page of the *San Antonio Express-News*. ROA.650-652 ("After I finished taking pictures . . . a gentleman wearing a helmet with an ATF logo approached me" and "[t]he [San Antonio] Express-News published one of the aerial photographs that I took—as the lead image on the front-page story about the fire"); ROA.658. Second, the District Court erred in concluding that Calzada testified to chilled speech specific to District Attorney Wes Mau. Furthermore, the record contains no evidence that Calzada, or any other Plaintiff, specifically self-censored their drone-related speech in Hays County, Texas.

Because there is no "causal connection between the injury and the conduct complained of," the Plaintiffs have not established traceability with respect to District Attorney Mau. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). When conducting its traceability analysis, the District Court improperly focused its inquiry on "whether the plaintiffs' injury can be traced to . . . the provision of law that is challenged," which the Supreme Court expressly disapproved in *Collins. See Collins v. Yellen*, 141 S.Ct. 1761, 1779 (2021) (quoting *Allen v. Wright*, 468 U. S. 737, 751 (1984)). There is simply no evidence in the record of any conduct, let alone wrongful conduct, on the part of District Attorney Mau. Accordingly, the District Court erred in holding that the Plaintiffs established Article III standing over District Attorney Mau.

### C.     Plaintiffs Cannot Show that Injuries Caused by District Attorney Mau Are Redressable by a Favorable Decision

Even if Plaintiffs could meet their burden on particularized injury and traceability, they still would not be able to show their injuries are likely redressable by a favorable decision. In its summary judgment order, the District Court incorrectly found that Plaintiffs had satisfied redressability because an injunction against District Attorney Mau (and the State Defendants) "will, at a minimum, permit Plaintiffs to gather the news using drones in Defendants' jurisdictions without fear of arrest or prosecution by Defendants, relieving many of their First Amendment injuries in those locations." ROA.1229 (citing ROA.1100).

"To demonstrate redressability, a plaintiff must establish that the practical consequence of a declaration 'would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered.'" *Ctr. for Inquiry, Inc. v. Warren*, 845 Fed. Appx. 325, 328 (5th Cir. 2021) (quoting *Utah v. Evans*, 536 U.S. 452, 464 (2002)); *see also Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 45 (1976)) (to establish redressability, a plaintiff must show "a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact."). "Where there is 'a significantly more speculative likelihood of obtaining relief,' redressability is missing." *Warren*, 845 Fed. Appx. at 328 (quoting *Utah*, 536 U.S. at 464). Thus, to satisfy the redressability element of standing, Plaintiffs were required to establish their injury caused by District Attorney Mau will be redressed by a favorable decision. *See Lujan*, 504 U.S. at 561.

Here, there is only one discreet form of relief awarded by the District Court that actually pertains to District Attorney Mau. In its summary judgment order, the District Court enjoined District Attorney Mau from enforcing the challenged provisions of Chapter 423. ROA.1249-1250.

This injunction on District Attorney Mau is "utterly meaningless" and demonstrates that the Plaintiffs have not satisfied the redressability element of Article III standing. *See Okpalobi v. Foster,* 244 F.3d 405, 426–27 (5th Cir. 2001)

(finding no redressability when "injunction granted by the district court [was] utterly meaningless"). Critically, the Plaintiffs have offered no evidence that they refrained from engaging in drone-related journalistic activities *specifically in Hays County, Texas*. Their generalized assertions of chilled free speech *across the State* do not satisfy the specific redressability requirement as to District Attorney Mau.

Based on the evidence in the record, an injunction against the San Marcos Police Department may well redress Plaintiffs' injuries as alleged. But Plaintiffs did not sue the San Marcos Police Department. Because Plaintiffs neither alleged nor established that they refrained from engaging in drone-based journalistic activities in Hays County, Texas, the District Court's injunction does not redress their claim of injury. Without satisfying the redressability element, Plaintiffs cannot establish Article III standing.

## D. Standing Is Not Dispensed In Gross

The Supreme Court's standing jurisprudence confirms that a plaintiff must demonstrate standing for each claim he seeks to press. *See Allen v. Wright*, 468 U.S. 737, 752 (1984) ("The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted"). The Supreme Court has insisted, for instance, that "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,

528 U.S. 167, 185 (2000); *see also Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). A litigant cannot, "by virtue of his standing to challenge one government action, challenge other governmental actions that did not injure him." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353, n. 5 (2006). Simply put, "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996).

Thus, to the extent that Plaintiffs can establish Article III standing over the State Defendants, this does not confer subject matter jurisdiction over District Attorney Mau. *See Friends of Earth*, 528 U.S. at 185 ("a plaintiff must demonstrate standing separately for each form of relief sought"). The District Court's standing analysis improperly lumped the three Defendants together and failed to analyze standing separately for each form of relief sought from each of the three Defendants. ROA.1227-1230. Because "standing is not dispensed in gross[,]" the Court must undertake an independent standing analysis with respect to District Attorney Mau. *Lewis*, 518 U.S. at 358 n.6. As explained above, Plaintiffs cannot establish Article III standing with respect to District Attorney Mau, and this Court lacks subject matter over Plaintiffs' claims against him.

## III. Eleventh Amendment Sovereign Immunity Bars Plaintiffs' Claims against District Attorney Mau

"In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton,* 943 F.3d 993, 997 (5th Cir. 2019) (citing *Va. Office of Prot. & Advocacy v. Stewart,* 563 U.S.

247, 253 (2011)); *see also McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (finding that "the principle of state-sovereign immunity generally precludes actions against state officers in their official capacities"). Unless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit. *See AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636, 644-45 (5th Cir. 2001).

However, the Supreme Court has recognized an exception to this rule under the *Ex parte Young* doctrine whereby "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *see also Ex parte Young*, 209 U.S. 123, 157 (1908). The *Young* exception is a legal fiction that allows private parties to bring "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

A court undertaking an *Ex parte Young* analysis must conduct two inquires to determine whether the exception applies to the state officer in question. First, the court must conduct a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019) (quoting *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002)). Next, the court must "also

decide whether the official in question has a 'sufficient connection [to] the enforcement' of the challenged act." *Id.* (quoting *Ex parte Young*, 209 U.S. at 157 (citation omitted)).

Determining whether *Ex parte Young* applies to a state official requires a provision-by-provision analysis, *i.e.*, the official must have the requisite connection to the enforcement of the particular statutory provision that is the subject of the litigation. *See, e.g., In re Abbott*, 956 F.3d 696, 709 (5th Cir. 2020). Stated differently, the officer must enforce "the particular statutory provision that is the subject of the litigation." *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) (citation omitted); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 280 (1997) (A "case-by-case approach to the *Young* doctrine has been evident from the start").

Here, Plaintiffs sued District Attorney Mau in his official capacity as District Attorney of Hays County, Texas. Thus, unless the exception in *Ex parte Young* applies, District Attorney Mau is entitled to sovereign immunity. *See, e.g., City of Austin v. Paxton,* 943 F.3d 993, 997 (5th Cir. 2019). District Attorney Mau does not dispute that Plaintiffs have satisfied the first inquiry under *Ex parte Young*. However, the District Court erred in concluding that District Attorney Mau has a "sufficient connection [to] the enforcement of" Chapter 423. *Ex parte Young*, 209 U.S. at 157.

Most of the Fifth Circuit cases addressing the second *Ex parte Young* inquiry arise in the context of a plaintiff seeking to enjoin a state official from enforcing an allegedly unconstitutional state statute. *See, e.g., Okpalobi v. Foster*, 244 F.3d 405, 414 (5th Cir. 2001); *Paxton*, 943 F.3d at 993; *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). The Fifth Circuit recently acknowledged that it has not been clear about what constitutes a sufficient "connection" to enforcement. *See Paxton*, 943 F.3d at 999 ("What constitutes a sufficient 'connection to . . . enforcement' is not clear from our jurisprudence"). The Fifth Circuit noted that different panels of the Court have adopted different definitions of "connection." *Id.*; *see also Boudreaux v. La. State Bar Ass'n*, 433 F. Supp. 3d 942 (E.D. La. Jan. 13, 2020) (noting that "panels in the Fifth Circuit are split as to whether the official must have 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty' or, rather, whether the state officer only must have some connection with the enforcement of the statute"); *K.P.*, 627 F.3d at 124 (characterizing the dispute as "whether *Ex Parte Young* requires only 'some connection' or a 'special relationship' between the state actor and the challenged statute").

Under one definition, a plurality of the *en banc* court in *Okpalobi* held that the state officer must have "the particular duty to enforce the statute in question and a ***demonstrated willingness to exercise that duty***." *Okpalobi*, 244 F.3d at 414, 416 (emphasis added). Under this definition, the state official must be "specially charged

with the duty to enforce" the allegedly unconstitutional state statute and "be threatening to exercise that duty." *Id.* at 414.

However, other panels have explicitly declined to follow the sovereign immunity analysis in *Okpalobi* "[b]ecause that part of the *en banc* opinion did not garner majority support, the Eleventh Amendment analysis is not binding precedent." *K.P.*, 627 F.3d at 124 (citing *United States v. Ferguson*, 211 F.3d 878, 885 (5th Cir. 2000)). Still, the panel in *Morris v. Livingston* approvingly quoted the *Okpalobi* "connection" formulation as correct. *See* 739 F.3d 740, 746 (5th Cir. 2014) (quoting *Okpalobi*, 244 F.3d at 416 (plurality)) ("The required 'connection' is not 'merely the general duty to see that the laws of the state are implemented,' but 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty'").

On the other hand, yet another panel has held that to satisfy the "connection" standard, a state officer need only have some connection with the enforcement of the statute. *See Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 518 (5th Cir. 2017); *K.P.*, 627 F.3d at 120–25.

In the 2019 case *City of Austin v. Paxton*, the Fifth Circuit declined to opine on which "connection to the enforcement" standard is correct. *See* 943 F.3d 993, 1000 (5th Cir. 2019) ("[I]n the same vein as panels before us, we find that we need not define the outer bounds of this circuit's *Ex parte Young* analysis today"); *see*

*also Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) ("This circuit has not spoken with conviction about all relevant details of the 'connection' requirement"). However, the Court in *Paxton* did state that this "circuit's caselaw requires some scintilla of 'enforcement' by the relevant state official with respect to the challenged law." *Id.* at 1002. This involves "point[ing] to specific enforcement actions of the respective defendant state officials warranting the application of the *Young* exception." *Id.* at 1001. Additionally, it noted that "[p]anels in this circuit have defined 'enforcement' as 'typically involv[ing] compulsion or constraint.'" *Id.* (quoting *K.P.*, 627 F.3d at 124).

Most recently, in *Tex. Alliance for Retired Americans v. Scott*, the Fifth Circuit discussed "guideposts" that "have emerged" from its jurisprudence:

> **First**, an official must have more than "the general duty to see that the laws of the state are implemented." *City of Austin*, 943 F.3d at 999–1000 (quoting *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014)). **Second**, the official must have "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Tex. Democratic Party*, 978 F.3d at 179 (citation omitted). . . . **Third**, "enforcement" means "compulsion or constraint." *City of Austin*, 943 F.3d at 1000 (quoting *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)). If the official does not compel or constrain anyone to obey the challenged law, enjoining that official could not stop any ongoing constitutional violation. *See Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017) (noting "significant overlap between Article III jurisdiction, *Ex parte Young*, and equitable relief" (citation omitted)).

28 F.4th 669, 672 (5th Cir. 2022) (emphasis added).

Here, Plaintiffs cannot establish that the *Ex parte Young* exception to sovereign immunity applies to District Attorney Mau. The District Court's failure to properly examine this Court's "guideposts" was an error. Under the second guidepost, the official must have "the particular duty to enforce the statute in question ***and a demonstrated willingness to exercise that duty***." *Scott*, 28 F.4th 669, 672 (5th Cir. 2022) (emphasis added) (quoting *Tex. Democratic Party*, 978 F.3d at 179). The District Court incorrectly concluded that because "Mau's office has made an arrest for drone-related conduct under the statute," Plaintiffs had satisfied this element. ROA.1232.

The District Court's finding is erroneous. Although District Attorney Mau's office employs "investigators" who are peace officers with the authority to make arrests,[6] the record is devoid of evidence that District Attorney Mau's office ever made an arrest for a suspected violation of Chapter 423. Because the District Court's holding is based on this erroneous finding, it should be set aside.

Moreover, under the third guidepost, the Fifth Circuit has clarified that "enforcement" means "compulsion or constraint." *Scott*, 28 F.4th at 672 (quoting *City of Austin*, 943 F.3d at 1000). "If the official does not compel or constrain anyone to obey the challenged law, enjoining that official could not stop any ongoing constitutional violation." *Id.* (citing *Air Evac*, 851 F.3d at 520). Here, Plaintiffs have

---

[6] *See* TEX. CODE CRIM. PROC. § 2.12(5).

offered no evidence to establish that District Attorney Mau compelled or constrained anyone, let alone Plaintiffs, to obey Chapter 423. To that end, enjoining District Attorney Mau from enforcing Chapter 423 will not stop any "ongoing constitutional violation." *Id.*

Taken together, the District Court failed to apply this Circuit's *Ex parte Young* jurisprudence. Plaintiffs have failed to carry their burden to establish an exception to Eleventh Amendment sovereign immunity against District Attorney Mau. Because the Eleventh Amendment protects District Attorney Mau from the present claims against him, the District Court lacked jurisdiction over District Attorney Mau. The District Court's error on this point warrants reversal with an instruction to dismiss on remand. *See City of Austin v. Paxton,* 943 F.3d 993, 1003 (5th Cir. 2019) (holding district court erred in finding *Ex parte Young* exception to sovereign immunity applied and reverse and remand with instruction to dismiss for lack of jurisdiction).

## IV. District Attorney Mau Joins in the Arguments Made by the State Defendants and Incorporates the State Defendants' Briefs Herein by Reference

The State Defendants—McCraw and Mathis—are filing briefs in this appeal that address the merits of Plaintiffs' claims and the constitutionality of the challenged provisions of Chapter 423. District Attorney Mau joins in the arguments

made by the State Defendants and incorporates the State Defendants' Briefs herein by reference.

## CONCLUSION

This Court should:

1.      Reverse the District Court's judgment;

2.      Find that:

    a)      Plaintiffs have failed to establish Article III standing on their claims against Wes Mau, in his official capacity as District Attorney of Hays County, Texas; and

    b)      Plaintiffs' claims against Wes Mau, in his official capacity as District Attorney of Hays County, Texas, are barred by Eleventh Amendment Sovereign Immunity; and

3.      Remand, with the instruction to dismiss with prejudice Plaintiffs' claims against Wes Mau, in his official capacity as District Attorney of Hays County, Texas; and

4.      Grant Wes Mau, in his official capacity as District Attorney of Hays County, Texas, such other and further relief, both at law and in equity, to which he is deemed entitled.

Dated:  September 28, 2022                    Respectfully submitted,

                            */s/ Michael A. Shaunessy*
                            MICHAEL A. SHAUNESSY
                            State Bar No. 18134550
                            ERIC A. JOHNSTON
                            State Bar No. 24070009
                            IAN M. DAVIS
                            State Bar No. 24120793
                            **McGinnis Lochridge LLP**
                            1111 West 6th Street
                            Building B, Suite 400
                            Austin, Texas 78703
                            T:  512-495-6000
                            F:  512-495-6093
                            mshaunessy@mcginnislaw.com
                            ejohnston@mcginnislaw.com
                            idavis@mcginnislaw.com

                            **ATTORNEYS FOR DEFENDANT – APPELLANT/CROSS-APPELLEE WES MAU, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF HAYS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Principal Brief of Defendant – Appellant/Cross-Appellee Wes Mau, in his official capacity as District Attorney of Hays County, Texas, was delivered and served by electronic case filing to the Clerk of the Court and to counsel listed below on September 28, 2022:

James A. Hemphill
Graves Dougherty PC
401 Congress Ave, Ste. 2700
Austin, Texas 78701
jhemphill@gdhm.com

Leah M. Nicholls
Public Justice PC
1620 L St. NW, Ste. 630
Washington, DC 20036
lnicholls@publicjustice.net

David A. Schulz
Media Freedom & Information
Access Clinic, Yale Law School
127 Wall Street
New Haven, CT 06511
david.schulz@yale.edu

Mickey Osterreicher
General Counsel
National Press Photographers Assn
70 Niagara Street
Buffalo, NY 14202
lawyer@nppa.org

Alicia W. Calzada
National Press Photographers Assn
12023 Radium, Ste. B1
San Antonio, Texas 78216
alicia@calzadalegal.com

Heather Lee Dyer
Christopher Hilton
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548 (MC-019)
Austin, Texas 78711

Eric J. Hamilton
Lanora C. Pettit
Cody Rutowski
Office of the Attorney General of Texas, Solicitor General Division
P.O. Box 12548 (MC-059)
Austin, Texas 78711
Erc.Hamilton@oag.texas.gov
Lanora.Pettit@oag.texas.gov
Cody.Rutowski@oag.texas.gov

**Counsel for Defendants – Appellants/Cross-Appellees Steve McCraw, in his official capacity as Director of the Texas Department of Public Safety, and Dwight Mathis, in his official capacity as Chief of the Texas Highway Patrol**

**Counsel for Plaintiffs –
Appellees/Cross-Appellants
National Press Photographers
Association, Texas Press
Association, and Joseph
Pappalardo**

/s/ Michael A. Shaunessy
M‍ICHAEL A. S‍HAUNESSY

**ATTORNEY FOR DEFENDANT –
APPELLANT/ CROSS-APPELLEE WES
MAU, IN HIS OFFICIAL CAPACITY AS
DISTRICT ATTORNEY OF HAYS
COUNTY, TEXAS**

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1

This Corrected Principal Brief of Defendant – Appellant/Cross-Appellee Wes Mau, in his official capacity as District Attorney of Hays County, Texas, complies with the type-volume limitations of Fed. R. App. P. 28.1(e)(2)(B)(i) because it contains 7,031 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This Corrected Principal Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 365 Apps for enterprise in Times New Roman typeface and 14-point font size.

Respectfully submitted,

*/s/ Michael A. Shaunessy*
MICHAEL A. SHAUNESSY

**ATTORNEY FOR DEFENDANT – APPELLANT/ CROSS-APPELLEE WES MAU, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF HAYS COUNTY, TEXAS**